UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| Jeffrey Hanford, on behalf of himself and others similarly situated, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) ) Case No. 4:17-CV-2005-SNLJ ) |
| FRANKLIN COLLECTION SERVICE, INC., | ) ) ) ) |
| Defendant. | ) |

# MEMORANDUM AND ORDER

Plaintiff, hoping to represent a class of all Missourians who received the same letter, alleges defendant Franklin Collection Service, Inc. ("Debt Collector"), violated the Fair Debt Collections Practices Act ("Act") when it mailed him a collection letter ("the Letter"). Debt Collector moved to dismiss, or in the alternative, for judgment on the pleadings (#20). Plaintiff opposed the motion and moved for partial judgment on the pleadings (#25). The issues are ripe, and Debt Collector's motion will be granted.

## I.   Factual Background

Back in July 2016, Debt Collector mailed the Letter to plaintiff, presumably trying to collect a debt that plaintiff allegedly owes AT&T. This case is about the Letter's content only. The Letter is one page, double sided. In relevant part, the front side reads as follows:

> YOUR ACCOUNT HAS BEEN PLACED FOR DELINQUENT DEBT COLLECTION.

1

> IF YOU ARE NOT PAYING THIS ACCOUNT IN FULL, CONTACT YOUR ATTORNEY REGARDING OUR POTENTIAL REMEDIES, AND YOUR POTENTIAL DEFENSES, OR CALL (888) 215-8961.
>
> I INTEND TO REPORT THIS ACCOUNT ON YOUR CREDIT HISTORY AFTER 30 DAYS OF YOU RECEIVING THIS NOTICE.
>
> . . .
>
> THIS COMMUNICATION IS FROM A DEBT COLLECTOR. THIS IS AN ATTEMPT TO COLLECT A DEBT, AND ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE.
>
> . . .
>
> **PLEASE SEE REVERSE SIDE FOR IMPORTANT INFORMATION**

(#16-1 at 2.) The reverse side, near the middle of the page, reads as follows:

> UNLESS YOU NOTIFY US WITHIN THIRTY (30) DAYS AFTER RECEIVING THIS NOTICE THAT YOU DISPUTE THE VALIDITY OF THE DEBT OR ANY PORTION THEREOF, THIS OFFICE WILL ASSUME THIS DEBT IS VALID. IF YOU NOTIFY THIS OFFICE IN WRITING WITHIN THIRTY (30) DAYS FROM RECEIVING THIS NOTICE THAT THE DEBT, OR ANY PART THEREOF, IS DISPUTED THIS OFFICE WILL OBTAIN VERIFICATION OF THE DEBT OR OBTAIN A COPY OF A JUDGMENT AND MAIL YOU A COPY OF SUCH JUDGMENT OR VERIFICATION. IF YOU REQUEST THIS OFFICE IN WRITING WITHIN THIRTY (30) DAYS AFTER RECEIVING THIS NOTICE, THIS OFFICE WILL PROVIDE YOU WITH THE NAME AND ADDRESS OF THE ORIGINAL CREDITOR IF DIFFERENT FROM THE CURRENT CREDITOR.

(#16-1 at 3.) The text is all black, and it is all the same size.

Plaintiff alleges Debt Collector violated 15 U.S.C. § 1692g(b), 15 U.S.C. § 1692e, and RsMo. § 407.025.1 by mailing the Letter.

**II.     Legal Standard**

A Rule 12(b)(6) motion to dismiss for failure to state a claim tests the sufficiency of a complaint and eliminates those actions "which are fatally flawed in their legal premises and designed to fail, thereby sparing litigants the burden of unnecessary pretrial and trial activity." *Young v. City of St. Charles*, 244 F.3d 623, 627 (8th Cir. 2001). "To survive a motion to dismiss, a claim must be facially plausible, meaning that the 'factual content . . . allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Cole v. Homier Dist. Co.*, 599 F.3d 856, 861 (8th Cir. 2010) (alteration in original) (*quoting Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). The Court must "accept the allegations contained in the complaint as true and draw all reasonable inferences in favor of the nonmoving party." *Id.* (*quoting Coons v. Mineta*, 410 F.3d 1036, 1039 (8th Cir. 2005)).

## III. Discussion

The Court will analyze each count separately.

### A. The Act

"The purpose of the [Act] is to eliminate abusive debt collection practices by debt collectors[.]" *Dunham v. Portfolio Recovery Assocs., LLC*, 663 F.3d 997, 1000 (8th Cir. 2011) (*quoting Richmond v. Higgins*, 435 F.3d 825, 828 (8th Cir. 2006)). "When a court is evaluating a debt collection communication[,] it must view it 'through the eyes of an unsophisticated consumer.'" *Bland v. LVNV Funding, LLC*, 128 F. Supp. 3d 1152, 1156 (E.D. Mo. 2015) (*quoting Freyermuth v. Credit Bureau Servs., Inc.*, 248 F.3d 767, 771 (8th Cir. 2001)). "This standard is 'designed to protect consumers of below average sophistication or intelligence without having the standard tied to the very last rung on the

3

sophistication ladder.'" *Id.* (*quoting Strand v. Diversified Collection Serv., Inc.*, 380 F.3d 316, 317 (8th Cir. 2004)). It "protects the uninformed or naive consumer, yet also contains an objective element of reasonableness to protect debt collectors from liability for peculiar interpretations of collection letters." *Strand*, 380 F.3d at 317–18.

"[W]here the legal implications of statements made in a collection letter are disputed, the dispute constitutes a question of law that may be resolved by the Court on a dispositive motion." *Founie v. Midland Credit Mgmt., Inc.*, No. 4:14-CV-816-RWS, 2014 WL 6607197, at *3 (E.D. Mo. Nov. 19, 2014) (*quoting O'Connor v. Credit Protection Assoc. LP*, 2013 WL 5340927, *7 (E.D. Mo. Sept. 23, 2013)).

### 1. 15 U.S.C. § 1692g(b) (Count I)

Section 1692g of the Act sets forth certain information that a debt collector must convey in writing to a consumer within five days after the initial communication when attempting to collect a debt. As relevant here, the notice must include

> (3) a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;
>
> (4) a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and
>
> (5) a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

15 U.S.C. §§ 1692g(a)(3)–(5).

While including this language is necessary to comply with § 1692g, it is not always sufficient. *See Vetrano v. CBE Grp., Inc.*, No. CV153185JSAKT, 2016 WL 4083384, at *5 (E.D.N.Y. Aug. 1, 2016). This is because "collection activities and communication during the 30-day period may not overshadow or be inconsistent with the disclosure of the consumer's right to dispute the debt or request the name and address of the original creditor." 15 U.S.C. § 1692g(b). A consumer's rights are overshadowed or contradicted "when a debt-collection letter conveys information in a confusing or contradictory fashion so as to cloud the required message with uncertainty." *Tilatitsky v. Medicredit, Inc.*, No. 4:16-CV-811-JCH, 2016 WL 5906819, at *3 (E.D. Mo. Oct. 11, 2016) (*quoting Founie*, 2014 WL 6607197, at *3). Plaintiff alleges the Letter overshadows or contradicts his right to dispute the debt in four ways.

First, plaintiff claims the Letter "conflicts with and overshadows the 'in writing' notices required [by] 15 U.S.C. §[§] 1692g(a)(4)–(5) on the back of the Letter by representing that 'IF YOU ARE NOT PAYING THIS ACCOUNT IN FULL . . . CALL (888) 215-8961.'" (#16 at 10, ¶ 66) (third alteration in original) (*quoting* #16-1 at 2). Thus, plaintiff argues, "an unsophisticated consumer may reasonably interpret the Letter to mean that 'if you are not paying this account in full because you dispute the debt or a portion thereof, call Defendant.'" (# 24 at 7.) Plaintiff also points out that the "Letter offers no text that could correct or explain the contradiction between its directive for consumers to call Defendant 'IF YOU ARE NOT PAYING THIS ACCOUNT IN FULL' and the disclosure aimed at complying with § 1692g." (#24 at 8.)

Debt Collector argues that plaintiff's interpretation (if you are not paying this account in full because you dispute the debt or a portion thereof, call us) relies on language that is not actually in the Letter. Instead, "the Letter merely gives [p]laintiff the option to contact [Debt Collector] by phone to discuss the amount." (#32 at 3.) Debt Collector also argues plaintiff's interpretation—that telling a consumer he may dispute a debt by telephone necessarily overshadows the Act's debt validation protections—creates a conflict between § 1692g(3) and §§ 1692g(4)–(5). It creates a conflict, according to Debt Collector, because this Court has held that consumers may "dispute the validity of their debt in ways other than writing" under § 1692g(3). *Busch v. Valarity, LLC*, No. 4:12-CV-2372-JAR, 2014 WL 466221, at *4 (E.D. Mo. Feb. 5, 2014).

Before analyzing the Letter, the Court notes that it found no case where a plaintiff made this exact challenge to this exact language. The Court did find five[1] cases where plaintiffs challenged collection letters that included this language (or almost identical language): IF YOU ARE NOT PAYING THIS ACCOUNT IN FULL, CONTACT YOUR ATTORNEY REGARDING OUR POTENTIAL REMEDIES, AND YOUR DEFENSES, OR CALL. But the plaintiffs in those cases did not argue the language overshadowed §§ 1692g(4)–(5)'s writing requirement. While these cases will inform the Court's analysis of plaintiff's threat-of-imminent-legal-action argument (addressed below), they are of little help in answering the question presented by this challenge.

---

[1] *Pierson v. Franklin Collection Serv., Inc.*, 965 F. Supp. 2d 957, 961 (E.D. Tenn. 2013); *Huling v. Franklin Collection Serv., Inc.*, No. 1:16-CV-0370-CC-JSA, 2016 WL 4803196, at *1 (N.D. Ga. Sept. 13, 2016); *Covington v. Franklin Collection Servs., Inc.*, No. 16-2262-JWL, 2016 WL 4159731, at *1 (D. Kan. Aug. 5, 2016); *Rivera v. Franklin Collection Servs., Inc.*, No. CV 17-631, 2017 WL 3075085, at *1 (E.D. Pa. July 19, 2017); *Clark v. Franklin Collection Serv., Inc.*, No. 14-CV-8067, 2015 WL 3486767, at *1 (D.N.J. June 2, 2015).

Similarly, the cases cited by both parties deal with challenges to letters and language that are different than the Letter at issue in this case. So those cases only go so far, and none are binding on this Court.

Turning to the Letter, even if the language on the front side of the Letter is confusing, an unsophisticated consumer surely isn't confused about his rights after reading the back side. After all, "when a prominent instruction in the body of the letter warns that there is important information on the reverse side, a reasonable reader, even if unsophisticated, would turn the paper over and read the back." *McStay v. I.C. Sys., Inc.*, 308 F.3d 188, 191 (2d Cir. 2002). The Letter in this case instructs readers to "PLEASE SEE REVERSE SIDE FOR IMPORTANT INFORMATION." The instruction is toward the bottom of the front side, but it is set off by two asterisks on each side, and the font is the same size as the rest of the letter. Thus, after reading the entire letter, the consumer is presented with two options (assuming he is not paying the debt): "(1) the [consumer] should contact an attorney if he does not intend to pay the debt in full or (2) the [consumer] can dispute the validity of the debt within thirty days." *Pierson v. Franklin Collection Serv., Inc.*, 965 F. Supp. 2d 957, 970 (E.D. Tenn. 2013) (interpreting the same language at issue in this Letter). If the consumer wants to dispute the debt, he can do so by calling or by writing. *See Busch*, 2014 WL 466221, at *4. By calling, the consumer exercises his rights under § 1692g(3). By writing, he exercises his rights under § 1692g(4) or § 1692g(5), depending on what he writes. The back side makes clear the consumer must write if he wants verification of the debt or a copy of the judgment. It also makes clear the consumer must write if he wants the name and address of the

7

original creditor. Thus, the language on the front side of the Letter does not overshadow or contradict the writing requirements on the back side.

In the Third Circuit, consumers cannot dispute a debt by calling. This difference is fatal to plaintiff's reliance on *Caprio v. Health Revenue Recovery Group, LLC*, 709 F.3d 142 (3d Cir. 2013). The letter at issue in *Caprio* instructed consumers to call if they had questions or felt they did not owe the debt. *Caprio*, 709 F.3d at 145. The Third Circuit explained "the 'please call' language basically instructed . . . a debtor to call or write . . . to dispute the debt itself. While he or she certainly could (and, in actuality, must) raise a debt dispute in writing, *it is well established that a telephone call is not a legally effective alternative for disputing the debt*." *Id.* at 151 (emphasis added). But in this district—the Eastern District of Missouri—it has been held that a telephone call is a legally effective alternative for disputing the debt. *Busch*, 2014 WL 466221, at *4. The consumer just won't receive verification or a copy of the judgment from the collector.

Second, plaintiff seems to argue the language "IF YOU ARE NOT PAYING THIS ACCOUNT IN FULL, CONTACT YOUR ATTORNEY REGARDING OUR POTENTIAL REMEDIES, AND YOUR POTENTIAL DEFENSES, OR CALL (888) 215-8961" is a demand for immediate payment that overshadows or contradicts his § 1692g rights. "If a debt collector asserts that payment must be made within the dispute period without explaining that the consumer retains her dispute and verification rights, the collector has likely overshadowed a plaintiff's dispute rights." *Bland*, 128 F. Supp. 3d at 1158. "In contrast, there is generally no overshadowing where debt collectors request payment but do not indicate that the payment must be made before the expiration

of the 30–day dispute window." *Id.* Here, nothing in the Letter requests payment during the 30-day dispute window, and this argument fails.

Third, plaintiff argues the language "I INTEND TO REPORT THIS ACCOUNT ON YOUR CREDIT HISTORY AFTER 30 DAYS OF YOU RECEIVING THIS NOTICE" overshadows or contradicts his § 1692g rights. Specifically, plaintiff claims the Letter "represents that [Debt Collector] intends to report the account at issue on [p]laintiff's credit history regardless of the protections set forth by 15 U.S.C. § 1692g, without explaining how the validation notice and credit reporting 'deadline' fit together (e.g., that—among other things—[Debt Collector] would cease its collection efforts upon receiving a validation request)." (#16 at 10, ¶ 68.) It is true that, when a consumer disputes a debt in writing, a collector must put the brakes on collection efforts until it sends the consumer a proper response. 15 U.S.C. § 1692g(b). But the Act does not require collectors to tell consumers this information. Also, Debt Collector did not threaten to report during the 30-day dispute window, only after. This argument also fails.

Fourth, plaintiff argues the language "IF YOU ARE NOT PAYING THIS ACCOUNT IN FULL, CONTACT YOUR ATTORNEY REGARDING OUR POTENTIAL REMEDIES, AND YOUR POTENTIAL DEFENSES" is a threat to pursue imminent legal action that overshadows or contradicts his § 1692g rights. Collection letters that threaten negative consequences (including legal action) if a consumer fails to take action during the 30-day dispute window might overshadow or contradict a consumer's § 1692g rights. *See Founie*, 2014 WL 6607197, at *4. In *Clark v. Franklin Collection Serv., Inc.*, No. 14-CV-8067, 2015 WL 3486767 (D.N.J. June 2, 2015), the

court analyzed whether the exact same language expressly or impliedly threatened litigation. The court explained "[t]he use of words like 'remedies,' 'defenses,' 'firm,' 'case,' and 'attorney' do allude to legal rights, but the link to litigation is too tenuous to find that an unsophisticated debtor would think a lawsuit was going to be initiated against him if he did not pay the debt." *Clark*, 2015 WL 3486767, at *3. Other courts have reached the same conclusion on the same or substantially similar language. *Covington v. Franklin Collection Servs., Inc.*, No. 16-2262-JWL, 2016 WL 4159731, at *3 (D. Kan. Aug. 5, 2016); *Rivera v. Franklin Collection Servs., Inc.*, No. CV 17-631, 2017 WL 3075085, at *3 (E.D. Pa. July 19, 2017). This Court joins those courts and finds that the letter does not threaten imminent legal action, and this argument fails.

### 2. 15 U.S.C. § 1692e (Count II)

Under § 1692e ,"[a] debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt." 15 U.S.C. § 1692e. The statute then lists certain conduct that violates the statute. Under § 1692e(5), a collector may not "threat[en] to take any action that cannot legally be taken or that is not intended to be taken." 15 U.S.C. § 1692e(5). Under § 1692e(10), a collector may not "use . . . any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer." 15 U.S.C. § 1692e(10).

Plaintiff alleges Debt Collector violated §§ 1692e, 1692e(5), and 1692e(10) by threatening imminent legal action, even though it "had no authority or ability to sue [p]laintiff to collect a debt allegedly owed to AT&T." (#16 at 11, ¶ 72.) The Court need not decide whether Debt Collector had the authority or ability to sue because, for the

reasons explained above, the Letter did not threaten imminent legal action. Plaintiff pleads no other facts to support his allegation that the Letter is "confusing, deceptive, and/or misleading" (#16 at 11, ¶ 75), so this claim will be dismissed.

### B. Missouri Merchandising Practices Act

Missouri law prohibits any person from using "deception, fraud, false pretense, false promise, misrepresentation, unfair practice or the concealment, suppression, or omission of any material fact in connection with the sale or advertisement of any merchandise in trade or commerce[.]" RsMo. § 407.020.1. Plaintiff alleges the Letter "falsely represented that AT&T and/or [Debt Collector] would sue Plaintiff and class members." (#16 at 12, ¶ 81.) Plaintiff also alleges the Letter "falsely represented that AT&T and/or [Debt Collector] would [take] action against [p]laintiff and class members that [Debt Collector] could not legally . . . take[]." (#16 at 12, ¶ 83.)

Assuming without deciding[2] that RsMo. § 407.020 applies to this case, plaintiff fails to state a claim. Again, for the reasons explained above, the Letter did not threaten legal action. Thus, this claim will be dismissed.

## IV. Conclusion

Debt Collector's motion to dismiss (#20) is granted, and plaintiff's motion for partial judgment on the pleadings (#25) is denied as moot.

Accordingly,

---

[2] *Jackson v. Barton*, ---S.W.3d---, No. SC 95771, 2018 WL 1803065, at *5–7 (Mo. Apr. 17, 2018) is the Supreme Court of Missouri's last word on what activities are done "in connection with" the sale of merchandise in commerce.

11

**IT IS HEREBY ORDERED** that defendant Franklin Collection Service's motion to dismiss (#20) is **GRANTED**.

**IT IS FURTHER ORDERED** that plaintiff Jeffrey Hanford's motion for partial judgment on the pleadings (#25) is **DENIED AS MOOT**.

So ordered this __9th__ day of May 2018.

STEPHEN N. LIMBAUGH, JR.
UNITED STATES DISTRICT JUDGE